```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
CITY NATIONAL BANK OF FLORIDA,           :
                    Plaintiff,           :
                                         :   05 Civ. 2739 (DLC)
          -v-                            :
                                         :      MEMORANDUM
MORGAN STANLEY DW, INC.,                 :    OPINION & ORDER
                    Defendant/Third      :
                    Party                :
                    Plaintiff,           :
          -v-                            :
                                         :
CASE INVESTMENTS, LLC and DAVID S.       :
SOLOMON,                                 :
                                         :
                    Third Party          :
                    Defendants.          :
----------------------------------------X
```

DENISE COTE, District Judge:

City National Bank of Florida ("CNB") filed this action on March 10, 2005 against Morgan Stanley DW, Inc. ("MSDW"). CNB claimed that MSDW breached a contract between the parties by permitting third-party defendant Case Investments, LLC ("Case") to make unauthorized withdrawals from MSDW accounts that had been pledged as security on a loan made by CNB to MSDW. In the third-party complaint, MSDW sought indemnification and contribution against Case and its managing member, David S. Solomon ("Solomon"). The third-party complaint and summons were served on the third-party defendants on August 24, 2005.

On July 18, 2006, a default was entered against both Case and Solomon. The case was referred to Magistrate Judge Francis

for an inquest on damages, to be held following resolution of the principal action. In late August 2006, CNB settled with MSDW, and a stipulation of voluntary dismissal was approved on September 5, 2006. Judge Francis issued a Report and Recommendation ("Report") on March 29, 2007. He recommended that judgment be entered in favor of MSDW and against Case in the amount of $87,500.00 in damages and $11,523.85 in attorney's fees, plus post-judgment interest. He recommended that no damages be awarded against Solomon. As indicated by Judge Francis in his Report and pursuant to Rule 72, Fed. R. Civ. P., the parties had ten days in which to file objections to the November 28 Report. By a letter dated after the ten-day objection period had expired, MSDW requested a one-week extension of this deadline. No objections by any party have been filed to date.

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court shall make a de novo determination of the portions of the report to which a party objects. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "The referring district judge may accept those portions of the magistrate judge's report and recommendation to which no specific written objections are made, provided there is no clear error on the face of the record." Doe v. Goord, No. 04

Civ. 570 (GBD), 2006 WL 1041130, at *2 (S.D.N.Y. Apr. 18, 2006). This Court identifies no clear error in the Report.

The Report's findings and conclusions are summarized here. Upon the default of a party, a court must accept all factual allegations of the complaint as true, except those relating to damages. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). As the Report explains, under New York law, when one joint tortfeasor has settled with the plaintiff prior to judgment, that tortfeasor may not seek contribution from other joint tortfeasors. Orsini v. Kugel, 9 F.3d 1042, 1046 (2d Cir. 1996) (citing N.Y. General Obligations Law § 15-108). Therefore, the Report recommends that Case may not be held liable for contribution. New York law does not bar claims for indemnification where one joint tortfeasor has settled with the plaintiff. Rosado v. Proctor & Schwartz, Inc., 484 N.E.2d 1354, 1356-57 (N.Y. 1985) (citing N.Y. General Obligations Law § 15-108).

With respect to the claim against Case, the allegations of the third-party complaint establish that the control agreements, which the three parties executed in connection with Case's pledge of certain MSDW accounts as collateral for the loan from CNB, all contained an indemnification clause. Based on this clause, the Report recommends finding Case liable to MSDW for indemnification. The Report further recommends that MSDW be

3

awarded damages in the amount of $87,500.00, which is the amount it paid to settle the original claim by CNB.  It recommends that MSDW be awarded attorney fees in the amount of $11,523.85, because the control agreements between the parties permitted indemnification of reasonable attorney fees.  Finally, it recommends an award of post-judgment interest.

The claim against Solomon relies on the doctrine of piercing the corporate veil.  This doctrine permits individual liability for corporate wrongs only where (1) an individual defendant "exercised such control" over the corporation that "the corporation has become a mere instrumentality" of the individual; (2) the individual "used this control to commit a fraud or other wrong"; and (3) "the fraud or wrong results in an unjust loss or injury to the plaintiff."  In re Vebeliunas, 332 F.3d 85, 91-92 (2d Cir. 2003).

The Report recommended that the third-party complaint had not established that Solomon was the alter-ego of Case, because it contains a conclusory assertion that Solomon was Case's alter ego and otherwise alleges only that Solomon was the exclusive signatory for Case, that he shared an address with Case, and that all MSDW correspondence concerning Case accounts was sent to him.  It therefore recommended that no damages be awarded against Solomon.

## Conclusion

The Report is adopted in full. MSDW is awarded $87,500.00 in damages and $11,523.85 in attorney fees, both against Case, for a total of $99,023.85, plus post-judgment interest. The Clerk of Court shall enter judgment for MSDW against Case, dismiss the MSDW claims against Solomon, and close the case.

SO ORDERED:

Dated:   New York, New York
         May 14, 2007

						_____
						DENISE COTE
						United States District Judge